# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| SARA FINKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 5:24-cv-1258-LCB |
| SOCIAL SECURITY ADMINISTRATION, COMMISSIONER | ) ) ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Sara Finkley seeks judicial review of the final decision by the Social Security Administration's Commissioner to deny her claim for disability benefits. 42 U.S.C. § 405(g). The Court has closely examined the record, and now **AFFIRMS** the Commissioner's decision for the reasons explained below.

## I.   BACKGROUND

### A.   Standard of Review

A court's only task in reviewing a denial of disability benefits is to determine whether the Commissioner's decision is "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

1

Thus, courts reviewing an appeal from a denial of disability benefits may not "decid[e] the facts anew, mak[e] credibility determinations, or re-weigh[ ] the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Rather, the court must affirm the Commissioner's decision if the denial is supported by substantial evidence, even if the preponderance of the evidence weighs against the Commissioner's findings. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264 (11th Cir. 2015); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

B.   **Procedural History**

Finkley first applied for disability insurance benefits on May 24, 2022, Tr. 10, alleging disabilities consisting of fibromyalgia, degenerative disc disease, hypertension, generalized anxiety disorder, migraine headaches, major depressive disorder, asthma, and "whiplash in neck." *Id.* at 265. At the time of her application, Finkley reported being 4'11" and 189 pounds. *Id.*

Finkley's claim was initially denied on January 20, 2023, *id.* at 124, and denied again after reconsideration on September 25, 2023. *Id.* at 133. Finkley requested a hearing by an ALJ on September 29, *id.* at 152-53, and the ALJ held a hearing on April 10, 2024. *Id.* at 41-58. Finkley was represented by counsel at that hearing, which also included testimony from an impartial Vocational Expert. *Id.*

On May 16, 2024, the ALJ again denied Finkley's claim, *id.* at 7, and the ALJ's unfavorable decision became final after the Social Security Appeals Council

denied review on July 18, 2024. *Id.* at 2. Having exhausted her administrative remedies, Finkley appealed the Commissioner's final decision in this Court on September 15, 2024. Doc. 1.

### C.     The Social Security Disability Framework

The Social Security disability framework requires an ALJ to ask a series of questions to determine whether an applicant qualifies for disability benefits:

(1)   Is the claimant engaged in substantial gainful activity?
(2)   Does the claimant have a severe impairment?
(3)   Does the claimant have an impairment or combination of impairments that meet or medically equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?
(4)   Is the claimant able to perform former relevant work?
(5)   Is the claimant able to perform any other work within the national economy?[1]

20 C.F.R. §§ 404.1520(a), 416.920(a); *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

These steps are progressive, and the inquiry ends if the ALJ finds that the claimant has not met the requirements of any individual step. As a result, an ALJ will reach Step 4 only if a claimant is not engaged in substantial gainful activity (Step 1), has a severe impairment (Step 2), and does not have an impairment or combination of impairments that meets or medically equals a listed impairment (Step

---

[1] A claimant bears the burden of proof through Step 4, but the burden shifts to the Commissioner at Step Five. *See Wolf v. Chater* 86 F.3d 1072, 1077 (11th Cir. 1996).

3). *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). Then, between Step 3 and Step 4, the ALJ must determine the claimant's residual function capacity ("RFC"), which is the claimant's ability to perform work of any kind despite "all . . . medically determinable impairments" of which the ALJ is aware, "including . . . medically determinable impairments that are not 'severe.'" 20 C.F.R. § 404.1545(a)(2).

Once the claimant's RFC is established, the ALJ compares the claimant's RFC to the demands of their former relevant work (Step 4) and any other work in the national economy (Step 5). If a claimant can perform former relevant work, or the Agency can show that the claimant is able to perform any other work in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1512(f), (g).

### D.     The ALJ's Analysis

The ALJ's opinion followed the required analysis to the letter. *See* Tr. 12-23. At Step 1, the ALJ found that Finkley had not engaged in substantial gainful activity since May 11, 2022. Tr. 12.

At Step 2, the ALJ found that Finkley suffers from multiple severe impairments, namely "obesity, cervical and lumbar degenerative disc disease, hypertension, depression, and anxiety." *Id.* at 13 (citing 20 CFR 404.1520(c); 416.920(c)). The ALJ also found that Finkley suffers from non-severe impairments,

including "asthma, allergies, obstructive sleep apnea, sciatica, migraine headaches, carpal tunnel syndrome, and eczema." *Id.* at 13.

At Step 3, the ALJ found that none of Finkley's impairments met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 13.

After Step 3, following "careful consideration of the entire record," the ALJ concluded that Finkley possessed the RFC to perform "light work," with some additional limitations. *Id.* at 20. The ALJ found that Finkley can "occasionally balance . . . stoop, kneel, crouch, and crawl; tolerate occasional exposure to occupational atmospheric conditions such as dust, fumes, odors, and pulmonary irritants." *Id.* at 16. As for limitations, the ALJ found that Finkley should "never climb ladders/scaffolds and [only] occasionally climb ramps/stairs," that Finkley should "never work around hazards including unprotected moving mechanical parts or unprotected heights," and that Finkley "can only perform simple tasks" and is "limited to occasional interaction with the public and coworkers in work situations." *Id.*

In determining the RFC, the ALJ found that although Finkley's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," her "statements concerning the intensity, persistence and limiting

5

effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 17.

As relevant to Finkley's neck and back pain, the ALJ first noted that at the time of the alleged onset of Finkley's disability—May 11, 2022—she received a general physical examination that was mostly normal. *Id.* It was not until June 6, 2022, that Finkley was treated at an emergency room for low back and neck pain "that radiated into the lower extremities," but spinal imaging showed "no acute disease." *Id.* at 18. The ALJ reiterated that an examination two days later "showed no significant abnormal findings," but she was diagnosed with cervical and lumbar spondylosis. *Id.*

The ALJ also emphasized that when Finkley returned for an examination after completing physical therapy, "physical findings on examination were unchanged and essentially normal," and a subsequent MRI "showed mild multilevel cervical degenerative disc disease," two cervical disc bulges, degenerative lumbar disc disease, and foraminal narrowing in the cervical and lumbar spine. *Id.* at 18. Subsequent examinations confirmed that Finkley's "symptoms were consistent with . . . degenerative disc disease [and] bulging disc[s]," *id.* at 19, but an April 2023 evaluation also confirmed that Finkley's "pain did not interfere with employment, household chores, or performing daily activities." *Id.*

After considering the evidence, including the testimony of a vocational expert, the ALJ concluded that although Finkley was unable to perform any past relevant work (Step 4), her light work RFC would allow her to perform other jobs in the national economy (Step 5). *Id.* at 21-23.

## II.    DISCUSSION

Finkley argues that the ALJ's RFC determination was "neither supported by substantial evidence nor in accordance with applicable legal standards decision." Doc. 10 at 6. Finkley specifically attacks the ALJ's finding that her "statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record," alleging that the ALJ improperly "cherry-pick[ed] evidence in [Finkley]'s medical records." Doc. 10 at 6-7 (citing *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986)).

Specifically, Finkley alleges that the ALJ's "conclusion that not returning" to her orthopedist "for additional treatment 'clearly showed improvement' in [her] condition is irrational and not supported by substantial evidence." Doc. 10 at 8. In support, Finkley argues both that the ALJ "failed to properly consider subsequent medical records which clearly demonstrate [Finkley's] pain continued," Doc. 10 at 8, and that "[t]he physical demands of a range of light work are precluded by the

7

Plaintiff's continued neck and back pain from cervical and lumbar degenerative disc disease." *Id.* at 11.

But the ALJ did not make Finkley's failure to continue treatment with her orthopedist the sole basis of his decision—in fact, the ALJ explicitly considered that Finkley reported persistent and ongoing pain to her care providers, Tr. 19, and Finkley self-reported that her pain did not interfere with daily activities like walking independently, housework, and working full-time. *Id.* at 632. Finkley also says that the ALJ should have considered that the prescription of "numerous medications including Hydrocodone 10, [are] highly indicative of the presence of debilitating pain." Doc. 10 at 9. Yet the ALJ *did* consider Finkley's pain medication prescription and noted that although the medication was refilled, "clinical findings were unchanged." Tr. 19.

To the extent Finkley argues the ALJ should have *explicitly* considered other evidence in the record, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection" that fails to show "that the ALJ considered [the Claimant's] medical condition as a whole." *Risch v. Comm'r of U.S. Soc. Sec. Admin.*, 2025 WL 1386673, at *3 (11th Cir. May 14, 2025) (quoting *Mitchell v. Comm'r, Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014)). To the contrary, the ALJ's decision here "demonstrates . . . that it considered the claimant's medical condition as a whole."

8

*Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1326 (11th Cir. 2021) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)).

So long as the ALJ's decision is supported by substantial evidence, as it was here, the decision must be affirmed. As said at the outset, this Court may not "decid[e] the facts anew, mak[e] credibility determinations, or re-weigh[ ] the evidence," *Id.* at 1211, and the Court declines Finkley's invitation to do so here. *See Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) ("[u]nder a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports [his] position; [he] must show the absence of substantial evidence supporting the ALJ's conclusion."). Because the ALJ's decision sufficiently and "systematically articulated [the ALJ's] reasons for rejecting" Finkley's claims based on the evidence in the record, it must be affirmed. *Dyer*, 395 F.3d at 1211.

## III.  CONCLUSION

Because the decision of the Commissioner was supported by substantial evidence, the Court **AFFIRMS** the decision and **DISMISSES** this case with prejudice. The Court will enter a final judgment separately.

**DONE** and **ORDERED** this August 19, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE